UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISADORE J. RUTLEDGE,

                 Plaintiff,                             Case Number 14-14468
                                                       Honorable David M. Lawson
v.                                                  Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF
THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on November 21, 2014 seeking review of the
Commissioner's decision denying the plaintiff's claim for disability insurance benefits under Title
II of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T.
Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed
a motion for summary judgment to reverse the decision of the Commissioner and remand the case
for further consideration by the administrative law judge. The defendant filed a motion for summary
judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed
a report on September 29, 2015 recommending that the defendant's motion for summary judgment
be granted, the plaintiff's motion for summary judgment be denied, and the decision of the
Commissioner be affirmed. The plaintiff filed timely objections to the report and recommendation,
to which the Commissioner filed an unilluminating, *pro forma* reply. This matter is now before the
Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 52 years old, filed his application for disability insurance benefits on November 22, 2011, when he was 48. The plaintiff completed high school and worked as a building maintenance worker, janitor, assistant retail manager, and press operator until 2009. The plaintiff asserts that he stopped working due to back pain from a work-related injury sustained on

-2-

September 12, 2009, when he was driving a motorized cart and was struck from behind by an automobile.  In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of September 12, 2009.  The plaintiff has been diagnosed with degenerative disc disease and lumbar radiculopathy.

The plaintiff's application for disability benefits was denied initially on February 1, 2012. The plaintiff timely filed a request for an administrative hearing, and on February 28, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) Richard L. Sasena.  On July 17, 2013, ALJ Sasena issued a written decision in which he found that the plaintiff was not disabled.  On September 23, 2014, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  The plaintiff filed his complaint seeking judicial review on November 21, 2014.

ALJ Sasena reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520.  He found that the plaintiff had not engaged in substantial gainful activity since September 12, 2009 (step one); the plaintiff suffered from degenerative disc disease and lumbar radiculopathy, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform any of the previous jobs that he had held — requiring medium to heavy exertion — because the work required for each of them would exceed his current functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform a limited range of light work, except that he would need to have the option to sit or stand every 30 minutes.  The ALJ also found that the plaintiff's work must require only occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  A vocational

expert (VE) testified that the plaintiff could perform unskilled jobs such as general office clerk (2,500 jobs in the region), and information clerk (1,500 jobs in the region), and those jobs existed in significant numbers in the national economy. Based on those findings and using Medical Vocational Rule 202.21 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

In his motion for summary judgment, the plaintiff argued that the ALJ's decision that he could perform light work was not supported by substantial evidence. He contended that sedentary work was all he could do, which meant that after age 50, the Medical Vocational Rule (i.e., the "Grid Rules") would direct a finding of disabled. The plaintiff contended that because the ALJ found that the plaintiff could stand for only 30 minutes at a time, the limitation cut into the range of light work so much that the ALJ should have found that the next lower exertional category (i.e., sedentary work) applied, according to the Commissioner's Program Operations Manual System (POMS), when determining his RFC. The plaintiff also argued that the VE identified only two jobs instead of the customary three, suggesting that there was not enough work the plaintiff would be capable of performing to constitute "significant numbers" of jobs he could perform. The plaintiff also argued that the RFC was not supported by substantial evidence because Dr. Steven Kohl's opinion was the only functional assessment, and his assessment showed more limitations than those found by the ALJ. The plaintiff criticized the ALJ's credibility determination insofar as it was based on certain activities that did not shed light on what the plaintiff actually does. The magistrate judge addressed those arguments (with the exception of specifically discussing the POMS) and rejected them, finding that the ALJ's decision was supported by substantial evidence.

The plaintiff lodged two objections.

-4-

In his first objection, the plaintiff contends that the ALJ improperly concluded that he was able to perform "light work," because the restrictions that the ALJ "carved out" of the light work classification — requiring a sit/stand option and only being occasionally able to climb, balance, stoop, kneel, crouch, and crawl — actually placed his functional capacity closer to "sedentary." The plaintiff contends that if he was found to be only capable of sedentary work after age 50, then he automatically would qualify as disabled under the applicable regulations. The plaintiff contends that the ALJ's reasoning should have followed the Commissioner's directive to apply the next lower level of exertional capacity when the claimant has a significantly reduced capacity to perform a higher level of work. The plaintiff further argues that the magistrate judge misconstrued his arguments on this point and disregarded his citations of the applicable sections of the POMS, instead relying solely upon case law holding that a person can be found to be capable of performing light work where a sit/stand option is required. Finally, the plaintiff contends that the magistrate judge ignored his argument that the vocational expert's inability to name more than three occupations that the plaintiff could perform further supports the conclusion that the capacity for "light work" was significantly reduced.

Although the magistrate judge did not address the plaintiff's argument that the ALJ did not adhere to the guidance in the POMS, that does not call for rejecting the report and recommendation. The applicable POM states:

> Determining whether a claimant is disabled is a more difficult judgment when his or her exertional capacity falls in the middle of two rules and the rules direct opposite conclusions. In this situation apply the:
>
> higher-numbered rule and find the claimant not disabled if you conclude the claimant has a slightly reduced capacity for the higher level of exertion; or

> lower-numbered rule and find the claimant disabled if you conclude the claimant has
> a significantly reduced capacity for the higher level of exertion.

POMS DI 25025.015(D). There is nothing in the record that indicates that the ALJ departed from

this directive. He did not determine that the plaintiff had "a significantly reduced capacity" for light

work. Instead, the ALJ applied Social Security Ruling (SSR) 83-12, which directs:

> Where an individual's exertional RFC does not coincide with the definition of any
> one of the ranges of work as defined in sections 404.1567 and 416.967 of the
> regulations, the occupational base is affected and may or may not represent a
> significant number of jobs in terms of the rules directing a conclusion as to disability.
> The adjudicator will consider the extent of any erosion of the occupational base and
> access its significance.

SSR 83-12, 1983 WL 31253, at *2 (1983).

Moreover, the POMS is an internal agency document used by the agency's employees to

process claims. As the plaintiff acknowledged, it "does not have the force and effect of law," *Davis*

*v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989), although it is entitled to

respect. But "it does not impose judicially enforceable duties on either this court of the ALJ."

*Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and some quotation marks

omitted); *see also Christensen v. Harris Cnty.*, 529 U.S. 576 (2000) (holding that an agency

manual's interpretations of a statute can be relied on "only to the extent that those interpretations

have the 'power to persuade'").

Nor did the magistrate judge disregard the plaintiff's argument that the VE's reference to two

job categories suggested "a significantly reduced capacity" for the light work. The magistrate judge

pointed out that the total number of jobs actually was higher when also accounting for jobs requiring

sedentary exertion. That undercuts the basis of the plaintiff's argument that he should really be

viewed as capable of only sedentary work.

The magistrate judge otherwise thoroughly reviewed the administrative record and concluded correctly that substantial evidence supports the ALJ's determination.  The plaintiff's first objection, therefore, will be overruled.

In his second objection, the plaintiff contends that the magistrate judge erred by finding that the plaintiff's testimony about his daily activities supported the ALJ's finding that the plaintiff could perform light work.  The plaintiff testified that he handles his own personal care, prepares microwave meals, takes out light garbage bags, goes outside most days, can walk and ride in a car, goes shopping for up to thirty minutes, and that his hobbies included going to church, watching television, and board games.  The plaintiff contends that none of those activities establish that he can perform any work beyond a sedentary level, because none of them involve lifting more than 10 pounds or walking more than occasionally, and all are performed mainly while sitting.  The plaintiff further contends that the magistrate judge improperly cited the plaintiff's testimony that he "went on vacation" as impugning his credibility, because she did not articulate any specific activities that the plaintiff engaged in while on vacation that suggested he was capable of more than sedentary work.  Finally, the plaintiff asserts that the magistrate judge ignored his argument that receipt of unemployment benefits is not inconsistent with a claim of disability where the plaintiff is found to be "disabled" because he cannot perform any jobs that are available in significant numbers, but, nevertheless, the plaintiff's capabilities suggest that he could perform some work, and "there remains some unspecified number of suitable jobs for him."  *Ross v. Acrisure P1, L.L.C.*, No. 315347, 2014 WL 3973380, at *5 (Mich. Ct. App. Aug. 14, 2014).

In addressing these factors, the magistrate judge cited authority indicating that there was no proscription against the ALJ considering them in making an overall assessment of RFC.  And it is

-7-

clear that the ALJ did not assign preclusive or determinative weight to any of them.  Instead, the ALJ considered these factors against the plaintiff's claim that he was precluded from doing "all work."  *E.g.*, Tr. 38-39 ("In assessing his credibility, the undersigned notes that despite the allegations of symptoms and limitations preventing all work, the record reflects that the claimant went on a vacation since the alleged onset date (Ex 13F/1).  Although a vacation and a disability are not necessarily mutually exclusive, the claimant's decision to go on a vacation tends to suggest that the alleged symptoms and limitations may have been overstated."); *id.* at 40 ("The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations."); *ibid.* ("While this fact [of applying for unemployment benefits] is not determinative of the issue of 'disability' under the Regulations, it bears negatively on the issue of the claimant's credibility.").  All of these considerations were entirely appropriate.  For example, it is true that applying for unemployment benefits, which carries with it a representation that the applicant is available for "suitable full-time work," *see* Mich. Comp. Laws § 421.28(1)(a), is not inconsistent with a Social Security disability claim, where the claimant acknowledges that he could perform sedentary work.  But it *is* inconsistent with the position that disabilities preclude *all* work, which is how the ALJ saw the plaintiff's description of his own limitations.

The Court agrees with the magistrate judge's conclusion that the ALJ properly considered the evidence referenced above as part of the entire record.  Moreover, as the magistrate judge thoroughly explained, the medical records contained in the administrative record provide substantial evidence to support the ALJ's RFC determination.  The plaintiff's second objection, therefore, will be overruled.

-8-

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #14] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #15] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #10] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #12] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 4, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

---